## PROCEDURE HAVING REFERENCE TO FILM CENSORSHIP.

Common Pleas Court of Franklin County.

EDWARD SULLIVAN vs. VERNON M. RIEGEL, AS DIRECTOR OF EDUCATION OF OHIO, DIVISION OF FILM CENSORSHIP.

Decided, May 29, 1924.

*Review of Action by Censors of Motion Picture Films—Reorganization Code Construed in its Application to Film Censorship—Adequate Remedy at Law Open to Owners of Censored Pictures—Supreme Court Vested With Exclusive Jurisdiction.*

1. The statutory provision, providing for a hearing as to the reasonableness and lawfulness of an order forbidding exhibition of certain films and for vacating or amending such an order if made without sufficient cause, affords an adequate remedy at law to owners of films against which such orders have been issued, and a court of equity, therefore, cannot entertain injunction proceedings against enforcement of such orders.

2. The Supreme Court has exclusive jurisdiction in all cases where it is sought to vacate or amend orders relative to the exhibition of films.

*Knepper & Wilcox*, and *P. E. Dempsey*, for plaintiff.

*C. C. Crabbe*, Attorney General; *Wilbur E. Benoy*, Special Counsel, for defendant.

SCARLETT, J.

This cause was heard upon the motion of the defendant to vacate the temporary restraining order, heretofore granted by another branch of the court.

Briefly, the plaintiff alleges that he is the owner of a certain photo play called "The Battle of the Age for the Heavyweight Championship of the World—Jack Dempsey and Luis Angel Firpo"; that upon the 5th and 26th days of February, 1924, the plaintiff was granted "Certificate of Censorship Approval" for said films; that he thereupon entered into contracts for the advertising of said films and their exhibition; that the further exhibition of the films was stopped on the 18th day of March by notice from the de-

fendant that the further exhibition of said films would not be permitted; that the sole reason for refusing to let said films be further exhibited was because of certain disclosures which had been made in the Senate Investigations at Washington relative to the transportation and exhibition of the Dempsey-Carpentier picture; that said last named pictures are entirely different and that the plaintiff has no interest whatever in the same; that by reason of the defendant's notice persons under contract to exhibit said films have refused to do so, and will continue to refuse unless interference on the part of the defendant is restrained by this court; and that the plaintiff is without an adequate remedy at law. The prayer of the petition is for temporary and permanent restraining orders.

The motion to vacate the temporary restraining order, upon which this cause is now heard sets forth three grounds, namely, that said order was granted contrary to Rule 10; that it was wrongfully granted because the petition is demurrable; and that the plaintiff having an adequate remedy at law the court is without jurisdiction.

To the court's mind the question of jurisdiction is the decisive one. If the Supreme Court has exclusive jurisdiction to review any act of the director of the department of education as film censor, then this court is without jurisdiction. The somewhat serious question arises by reason of the shifting and transferring of the powers and functions of the old departments to new departments under the reorganization act of 1921. Prior thereto the censorship of films intended for public exhibition was the function and duty of a board of censors "under the authority and supervision of the Industrial Commission of Ohio."

Under the reorganization act the division of film censorship was placed in the department of education, which department is administered by the superintendent of public instruction as director thereof.

Plaintiff claims that he is without remedy at law and that he is deprived of his property without due process of

law unless recourse be had to this court, because under the reorganization act no adequate provision was made for hearing by the department of education of objections to acts of the film censor; and second, no jurisdiction was granted to the Supreme Court to review acts of the department of education.

The first question to be considered is the jurisdiction of the department of education over film censorship.

Under Section 154-6 (109 Ohio Laws, p. 107) the division of film censorship is placed in the department of education.

Under Section 154-46, G. C. (109 O. L., 121) it is provided that: "The Department of Education shall have all powers and perform all duties vested by law in the Industrial Commission of Ohio and the board of censors of motion picture films by Sections 871-48, to 871-53, both inclusive of the General Code."

The sections referred to contain all the sections in relation to film censorship, including duties in the examination of films, what films shall be approved and passed, the enumeration of unlawful acts and penalties therefor; and the last Section 871-53 prescribes the right of anyone dissatisfied to file a petition "for hearing on reasonableness and lawfulness of any order of such board or to set aside, vacate or amend any order of such board as is provided in the case of persons dissatisfied with the orders of the Industrial Commission." Taken together said Section 154-46 and 871-53 clearly impose upon the department of education, and the director as the executive head thereof the duty to hear a complaint such as that of this plaintiff.

The duty and obligation of the director is also clarified by the first sentence of Section 154-24 of the reorganization act, which provides very completely in general terms for the transfer of the powers and duties of the old department to the new.

The right of the individual injured by the act of the film censor is equally clear to have such hearing before the department of education, because of the following part of 154-24

of the reorganization act: "Every person, firm and corporation shall be subject to the same obligations and duties and shall have the same rights arising from the exercise of such rights, powers and duties as if such rights powers and duties were exercised by the officer, board, commission, department or institution, or deputy, inspector or subordinate thereof, designated in the respective laws which are to be administered by departments created by this chapter."

As a result of this provision the question is what were the rights, before the reorganization, of the individual owner of a film upon adverse action by the film censor? Section 871-53 provided that he should have the right of a hearing by the commission supervising the film censorship, and this section is retained by reference, as a duty of the department of education, as above noted. Section 871-38 provided: "That any person in interest, being dissatisfied with an order of the commission may commence an action in the Supreme Court of Ohio against the Commission as defendant to set aside, vacate," etc. This was a right which such a person had "arising from the exercise of the rights, powers, and duties" of the Industrial Commission, and therefore under said Section 154-24 is vested in the individual upon the exercise of similar rights, powers and duties as to film censorship by the present department of education.

Because of these rights the defendant has an adequate remedy at law, and as a court of equity will not entertain a case when there is an adequate remedy at law the plaintiff's petition should be dismissed.

There is also the connected reason that the jurisdiction of the Supreme Court is exclusive. It is a well recognized principle of law that "if a new power be given by an affirmative statute to a certain person by the designation of that one person, although it be an affirmative statute all other persons are in general excluded from the exercise of the power, since *expressio unus est exclusio alterius.*" (Potter's Dwarris on Statutes and Constitutions, page 72, quoted by Judge Foran in *Epoch Producing Company* v. *Davis,* 19 N. P. [N. S.],

482). See also (*Mutual Film Corporation* v. *Industrial Commission*, 236 U. S., 230, 247, and *Epoch Producing Corpora tion* v. *Industrial Commission*, 95 O. S., 400.

The intention of the Legislature to vest exclusive jurisdiction in the Supreme Court is definitely settled by Section 871-40. While that section refers to any order of the Industrial Commission of Ohio, the orders at the time it was enacted included orders in relation to the censoring of films; and as the individual by the section mentioned above is given the right to file such a case in the Supreme Court, reference need be made to this section only for the purpose of verifying the general principle announced above, as to the exclusiveness of the jurisdiction.

There is another ground for reaching the conclusion that the temporary restraining order must be vacated, namely, that upon the admitted facts there was no abuse of discretion by the defendant, which would authorize the reversal of his order by this court. The statute (Sec. 871-49) provides that only such films as are in the judgment and discretion of the censor harmless, etc., shall be passed. These Dempsey-Firpo and the Dempsey-Carpentier pictures, admittedly taken in other states, could only be brought into Ohio in violation of the Federal law against the transportation of fight films. Every exhibition would tend to place a premium upon the disregard of law, and to undermine confidence in the administration of law and therefore in all government. At any time and particularly now such a natural result of this exhibition properly brands the films as harmful in their effect upon the public mind.

The Senatorial investigation did not change, but did call attention to the character of these pictures, and as a result the defendant in effect "revoked" the original certificate. In doing so he did not abuse his discretion.

For the reasons stated the restraining order, heretofore issued, is vacated and dissolved. As these reasons will ultimately require the dismissal of the case, such an order may be entered now as upon demurrer, if the plaintiff desires to appeal from a final order.